UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                     Case No. 19-20180

ELIJAH RAY DAWSON,

        Defendant.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Elijah Ray Dawson pleaded guilty to one count of being a felon in possession of a firearm in violation of 28 U.S.C. §922 (g)(1). (ECF No. 40.) On December 12, 2019, he was sentenced to 64 months imprisonment followed by a three-year term of supervised release. (ECF No. 45.) Currently pending before the court is Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 46.)

Defendant is an insulin dependent diabetic and was recently transferred to FCI Butner Low. As of the date of this opinion, FCI Butner Low has 612 confirmed cases of the Coronavirus Disease (COVID-19) among its inmates and 6 confirmed cases among staff. *Federal Bureau of Prisons*, COVID-19 Action Plan: COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last visited June 22, 2020). Defendant is one of those cases. After being transferred to FCI Butner Low, Defendant contracted COVID-19. He was placed in isolation, but at the time he filed the instant motion through counsel, he had been hospitalized and placed on a respirator. (ECF No. 46,

PageID.235.) It appears that Defendant is no longer on a respirator and has shown some signs of recovery, but he remains hospitalized. (ECF 51, PageID.346.) He argues that his early release is justified to avoid his possible risk of reinfection. Defendant concedes that he has not exhausted his administrative remedies but argues that the facts of his case present a compelling justification to equitably excuse the exhaustion rule. The Government responds that his motion must be dismissed for failure to exhaust and also that it may be denied on the merits because Defendant would be a danger to the community if released.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate

Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances and fit within one of the four categories described in § 1B.13 of the Sentencing Guidelines, and the court must determine both that the sentencing factors outlined in § 3553(a) weigh in favor of release and that the defendant does not pose a threat to others as determined by § 3142(g). *See* 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). In this case, the BOP did not file the current motion and has not provided any endorsement or support. Second, after the passage of the First Step Act in 2018, a defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant concedes that he has not exhausted his administrative remedies. (ECF No. 46, PageID.229.) The Government argues that his motion should be denied based on his failure to exhaust, pointing to the Sixth Circuit's opinion in *United States v. Alam*, --- F.3d ----, No. 20-1298, 2020 WL 2845694 (6th Cir. June 2, 2020). The court held that the defendant's COVID-19 related motion for early release must be dismissed

without prejudice based on the defendant's failure to exhaust his administrative remedies. *Alam*, 2020 WL 2845694, at *5. Defendant contends that notwithstanding *Alam*, his failure to exhaust should be excused because it was impossible for him to exhaust his administrative remedies after he contracted COVID-19, was placed in isolation, and subsequently hospitalized. But, contrary to Defendant's suggestion, it does not appear that the court possesses the authority to recognize an equitable exception to the administrative exhaustion requirement of § 3582(c)(1)(A). *See Alam*, 2020 WL 2845694, at *4 ("Even if federal courts possessed a general power to create equitable carveouts to statutory exhaustion requirements, *Alam* does not show why an exception would make sense in the context of this statute."). Guided by the precedential opinion in *Alam*, Defendant's motion must be dismissed without prejudice because he has not exhausted his administrative remedies. But, to the extent this court may recognize an equitable exception to the exhaustion requirement, the court would deny his motion on the merits.

The court may authorize early release only if it concludes that Defendant does not present a danger to the community. 18 U.S.C. § 3142(g). Given Defendant's criminal history, the court cannot justify this required finding. Defendant has a lengthy record, and many of his offenses occurred shortly after his release from prison while he was under supervision. (ECF No. 43, PageID.199.) Most troubling to the court is Defendant's 2012 conviction for "unlawful wounding," arising from an attempted robbery during which Defendant shot the robbery victim in the back as the victim attempted to flee. The same year he was released from the sentence imposed for the assault, he was convicted on drug charges. And while he was on parole for the drug offense, he

committed the instant firearms offense. Based on this pattern and history of serious crimes, the court cannot conclude that Defendant would not pose a danger to the community if released nor that he would comply with the terms of his supervision.

Moreover, the court is not persuaded that the factors enumerated under 18 U.S.C. § 3553(a) support Defendant's early release. The court specifically considers the need for Defendant's sentence to reflect the seriousness of his offense, to protect the public, and to promote specific deterrence given Defendant's demonstrated inability to comply with the terms of his release. See 18 U.S.C. § 3553(a).

In sum, the court will deny Defendant's motion because he has failed to exhaust his administrative remedies. In Alam, the Sixth Circuit made clear that dismissal without prejudice is the proper method for resolving unexhausted motions for early release. Even if the court could somehow employ an equitable remedy to overlook both Alam and Defendant's failure to exhaust, the court would not be persuaded that Defendant would pose no danger to the community, or that the relevant sentencing factors weigh in favor of early release.

The court makes no findings as to the suitability of home confinement and leaves such a determination to the sound discretion of BOP which is better equipped in this case and at this juncture to make such a decision. Accordingly,

IT IS ORDERED Defendant's "Motion for Compassionate Release" (ECF No. 46) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                              /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\19-20180.DAWSON.CompasionateReleaseCovid.HEK.RHC.docx